TRANSAMERICA TITLE INSURANCE
COMPANY,
*Petitioner,*

*v.*

INSURANCE DIVISION,
*Respondent.*

(No. 75-12-1, CA 15547)

609 P2d 884

John P. Conley, Portland, argued the cause and
filed the brief for petitioner.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

This appeal involves the interpretation of Oregon's retaliatory tax on foreign insurance companies. ORS 731.854.[1]

Petitioner, Transamerica Title Insurance Company, a California corporation, appeals from a determination by the Insurance Division, after a contested case hearing, that personal property taxes paid by Transamerica to political subdivisions in Oregon may not be credited against Oregon's retaliatory tax. The total amount involved is $44,134.72.

---

[1]

"(1) When by or pursuant to the laws of any other state or foreign country any taxes, licenses and other fees, in the aggregate, and any fines, penalties, deposit requirements or other material obligations, prohibitions or restrictions are or would be imposed upon insurers domiciled in this state, or upon the agents or representatives of such insurers, which are in excess of such taxes, licenses and other fees, in the aggregate, or which are in excess of the fines, penalties, deposit requirements or other obligations, prohibitions, or restrictions directly imposed upon similar insurers, or upon the agents or representatives of such insurers, of such other state or country under the statutes of this state, so long as such laws of such other state or country continue in force or are so applied, the same taxes, licenses and other fees, in the aggregate, or fines, penalties or deposit requirements or other material obligations, prohibitions, or restrictions of whatever kind shall be imposed by the commissioner upon the insurers, or upon the agents or representatives of such insurers, of such other state or country doing business or seeking to do business in this state. Any tax, license or other fee or other obligation imposed by any city, county, or other political subdivision or agency of such other state or country on insurers domiciled in this state or their agents or representatives shall be deemed to be imposed by such state or country within the meaning of this subsection.

"(2) This section does not apply as to personal income taxes, nor as to local ad valorem taxes on real or personal property nor as to special purpose obligations or assessments heretofore imposed by another state in connection with particular classes of insurance, other than property insurance; except that deductions, from premium taxes or other taxes otherwise payable, allowed on account of real estate or personal property taxes paid shall be taken into consideration by the commissioner in determining the propriety and extent of retaliatory action under this section.

"(3) For the purpose of applying this section to an alien insurer, its domicile shall be determined in accordance with ORS 731.092 and 731.096." ORS 731.854.

By way of background we offer the following:

Oregon imposes a premium tax upon all insurance companies for the privilege of doing business in this state. As do most states it imposes a higher tax on foreign insurance companies—2.25 percent of their gross premiums.[2] Domestic insurers are exempt from this tax. It also imposes a so-called "retaliatory tax" upon foreign insurance companies whose state's premium tax rate to foreign insurance companies is higher than Oregon's.[3]

In some states, the tax paid by an Oregon insurance company for the privilege of doing business may be reduced by the allowance of deductions of real or personal property taxes paid in those states from the premium tax. If so, those deductions will be taken into consideration in determining the amount of the Oregon retaliatory tax.

In California there is no law allowing any insurance company to deduct personal property taxes from the premium tax. However, California does exempt such companies from the payment of any taxes on their personal property.

On appeal Transamerica contends (1) that the respondent Insurance Division has misconstrued ORS 731.854 (the Retaliatory Tax Law) in ruling that Transamerica is not entitled to be credited for personal property taxes paid against the retaliatory tax due, and (2) that if the Division correctly construed ORS 731.854, the statute violates Article I, Section 20 or 32 of the Oregon Constitution or the Fourteenth Amendment to the United States Constitution.

In support of its first contention, Transamerica argues that the purpose of the Oregon Retaliatory Tax

---

[2] According to the hearing officer's opinion as of 1975, 44 states have similar retaliatory tax laws.

[3] California imposes a tax on foreign insurance companies of 2.35 percent of their gross premiums.

is to make foreign insurance companies pay at least the same gross premium tax as the tax Oregon insurance companies must pay in the particular foreign state; that where the foreign state allows a deduction for personal property tax payments, Oregon allows the foreign insurance company to deduct similar Oregon payments from its Oregon retaliatory tax; and that because California does not tax personal property of any insurance company in the first place, the policy reasons behind the retaliatory tax therefore compel allowing California insurance companies doing business in Oregon to deduct personal property tax payments from their Oregon Retaliatory Tax.

While there may be something to be said for the logic of Transamerica's policy argument, ORS 731.854 does not provide for or permit such a deduction. To the contrary, local personal property taxes are expressly excluded from the application of both the Oregon Retaliatory Tax statute and the Oregon "in lieu of" statute, ORS 731.840.[4]

Simply stated, the purpose of the retaliatory tax is to insure that a foreign insurance company will pay the same for the privilege of doing business in Oregon that an Oregon insurance company will pay that foreign state, in this case California, for the same privilege.

California exempts insurance companies from taxes on personal property. This exemption, however, does not constitute the equivalent of a deduction because it does not reduce the California premium tax on Oregon insurance companies.

---

[4]

"(1)  Payment to the commissioner by an insurer of the tax upon its premiums as required by ORS 731.808 to 731.832, shall be in lieu of all other taxes upon premiums, taxes upon income, franchise or other taxes measured by income except the corporate excise taxes imposed upon insurers by ORS chapter 317. However, all real and personal property, if any, of the insurer shall be listed, assessed and taxed the same as real and personal property of like character of noninsurers." ORS 731.840(1).

Lastly, we are of the opinion that ORS 731.854(2) does not violate Article I, Section 20 of the Oregon Constitution or the Fourteenth Amendment. It is a reasonable classification for all of the reasons just enumerated. It bears a rational relationship to a legitimate state interest sought to be advanced.

Article I, Section 32 of the Oregon Constitution requiring uniformity in taxation has been held to apply only to measures which seek to raise revenue. *Livesay v. DeArmond,* 131 Or 563, 284 P 166 (1930); *Portland Van & Storage Co. v. Hoss,* 139 Or 434, 9 P2d 122 (1932).

*Livesay* involved a statute authorizing county courts to waive delinquent tax penalties and interest. In rejecting the claim of lack of uniformity the court said:

" * * * It may be argued, however, that these exactions come within the spirit of the constitutional requirement, and that, therefore, its language should be liberally construed so as to include them. But, since these charges are imposed for punitive, as distinguished from revenue purposes, there would seem to be no greater occasion for subordinating statutes imposing them to constitutional provisions enjoining uniformity in taxation than subjecting any other penal statute to the same clause of our constitution. Constitutional requirements in regard to uniformity of taxation are restricted to measures which seek to raise revenue, and have no application to burdens imposed which are not, properly speaking, taxes: *King v. City of Portland,* 2 Or. 146; 37 Cyc, Taxation, p. 731." 131 Or at 570.

*Portland Van & Storage* dealt with both an occupation tax and an extra license fee on freight carrying trucks. After holding that the occupation tax was a true tax and required uniformity, the court held that the license tax was an excise tax and did not. In discussing the latter point, the court said:

" * * * Constitutions requiring taxation to be equal and uniform apply only to taxes on polls and property

and have no reference to excises. But if we assume, as we deem we must, that the above quoted constitutional provision [Article IX, section 1], demands uniformity in the imposition of excises so that the burden imposed will fall alike upon all persons who are in substantially the same situation, then we believe that this statute is not subject to criticism. * * *" 139 Or at 447.

The retaliatory tax is not a revenue-raising tax but rather it is a punitive charge levied against foreign insurance companies to discourage those foreign states from discriminating against Oregon insurance companies. It falls alike upon all foreign insurance companies whose states discriminate against Oregon companies.

Affirmed.